## Frank J. Laibe, Plaintiff in Error, v. Paul Smolikowski, Defendant in Error.

### Gen. No. 15,348.

1. PLEADING—*how decree relied upon should be set up.* If a decree is relied upon, the same, or the portion thereof in question, should be set out either in *haec verba* in the pleading or else its substance should be averred.

2. INJUNCTIONS—*effect to release errors in proceedings at law enjoined.* It is not the institution of the suit to enjoin the collection of a judgment at law, but the granting of such an injunction, that operates to release errors in the proceedings at law resulting in the judgment enjoined.

Assumpsit. Error to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1908. Demurrer sustained. Opinion filed December 23, 1909.

**Statement by the Court.** This is a writ of error to review a judgment of the Circuit Court for $1,255.75, in favor of defendant in error and against plaintiff in error, rendered May 15, 1906. To the writ the defendant in error has filed four pleas. The first avers that the plaintiff in the judgment assigned the same to The Congregation of the Resurrection, a corporation; that at the "special instance of said plaintiff in error, and by way of cross bill to the suit of said assignee, The Congregation of the Resurrection, the said judgment so as aforesaid sought to be reviewed by the said writ of error herein, was by the said Circuit Court of Cook County, by its decree duly entered therein, on to-wit, the 3rd day of June, A. D. 1908, set aside, and said cause of Paul Smolikowski *versus* Frank J. Laibe, (being the same cause referred to in the supposed record on file herein) was thereupon reinstated and restored as a pending cause upon the records and dockets of said court, to-wit, at the county of Cook, to-wit, in the district afore-

said; And this the said defendant in error is ready to verify; Wherefore the said defendant in error prays judgment whether or not the said plaintiff in error ought to have or maintain his said writ of error against him, etc.''

The second avers the assignment of the judgment as stated in the first plea, and proceeds as follows: ''that the said plaintiff in error waived and released all errors, if any, appearing in the record and in the rendition of said judgment in favor of defendant in error and against said plaintiff in error, by instituting and prosecuting, in the said Circuit Court of said Cook County, in a certain suit or proceeding on the Chancery side of said court, entitled The Congregation of the Resurrection *versus* Frank J. Laibe by way of cross-bill therein, a proceeding to set aside said judgment and to enjoin the execution thereof; and such proceedings were had thereon that the execution of said judgment was in substance and in effect then and there, to-wit, on the 3rd day of June, A. D. 1908, the same being then and there prior to the suing out of the writ of error herein, enjoined and restrained until a new trial was had therein; and therefore defendant in error says that the plaintiff in error hath thereby released and waived all errors herein assigned,'' and concludes like the first. The third and fourth pleas are set out in the opinion. Plaintiff in error demurred to the first, second and fourth pleas, and to the third filed a replication, to which defendant in error demurred.

J. W. SUTTON, for plaintiff in error.

THOMAS J. O'HARE, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

In a very early case, Oxford's Case, 1 Ch. Rep. 1, the right of a court of equity to enjoin the defendant from enforcing a judgment which he had improperly

obtained in a court of law, was established, and the
doctrine of Oxford's case as stated by Lord Chancellor
Ellesmere has been the law ever since. "In the exer-
cise of this power courts of equity proceed, not upon
any claim of right to interfere with or control the
course of proceedings in other tribunals, or to prevent
them from adjudicating on the rights of parties when
drawn in controversy and duly presented for their
determination. But the jurisdiction is founded on the
clear authority vested in courts of equity over per-
sons within the limits of their jurisdiction, and ame-
nable to process, to restrain them from doing acts
which will work wrong and injury to others, and are
therefore contrary to equity and good conscience. * * *
The decree of the court in such cases is pointed solely
at the party, and does not extend to the tribunal where
the suit or proceeding is pending." A court of equity,
under the jurisdiction established in Oxford's case, has
no right to interfere directly with the judgment or
other proceedings in a court at law. It has only the
right to act on the parties to such a judgment at law.
In a proper case a court of equity may decree that
unless the plaintiff in the judgment consent to a new
trial, he be enjoined from proceeding to enforce his
judgment at law. "Injunction is the remedy which,
above all others, necessarily operates *in personam.*"
Pomeroy's Eq. Jurisprudence, Sec. 1360. The court
of equity had no power to interfere with the record
of the suit at law, or directly to order that the judg-
ment at law be vacated, but its remedy was to be di-
rected to the parties only. The pleas all relate to an
order or decree in a cause in chancery in the Circuit
Court, in which the assignee of the judgment was com-
plainant and the defendant in the judgment, defend-
ant. No one of the pleas sets out the cross-bill or any
other pleading in the cause.

The first plea avers that the judgment sought to be
reviewed in this case was, by the decree of the Circuit
Court in said cause in equity, "set aside," and the

cause in which said judgment was rendered "was thereupon reinstated and restored as a pending cause," etc. The plea does not purport to set out any part or provision of the decree, either in terms or in substance, but only states what the pleader deems the legal effect of the decree. This is but stating the conclusion of the pleader. The plea should set out the provisions of the decree relied on as constituting a decree that the judgment be "set aside," so that this court may determine the legal effect of such provisions and what was thereby ordered or decreed. The plea is in our opinion insufficient, and the demurrer to it will be sustained.

The second plea does not purport to set out the decree, or any part of it, but avers that such proceedings were had in said cause in equity, "that the execution of said judgment was in substance and effect * * * enjoined and restrained until a new trial was had therein, and therefore that plaintiff in error hath released and waived all errors herein assigned." This is only the statement of the legal conclusion of the pleader that in "substance and effect," by a decree, the terms and provisions of which are not stated, the execution of the judgment was enjoined, and that thereby plaintiff in error released all errors, etc. What has been said as to the first plea applies with equal force to the second. The plea is clearly insufficient, and the demurrer to it will be sustained.

The third plea avers the assignment of the judgment, and then proceeds as follows: "That thereafter and before the suing out of the writ of error in this behalf the said plaintiff in error elected to institute and prosecute a certain proceeding in equity in the Circuit Court of Cook County on the Chancery side thereof, for the purpose of opening, vacating and setting aside said judgment, and therein procured a decree, prior to the suing out of the writ of error in this behalf, vacating and setting aside said judgment, and restoring the said cause of Paul Smolikowski *versus* Frank J. Laibe, as a pending cause; wherefore this

defendant in error says that said plaintiff in error by his aforesaid actings and doings in the premises, and by his election to so proceed as aforesaid, estopped and concluded himself,'' and concludes like the first two pleas. The plea does not state who were the parties to the proceedings in equity in the Circuit Court, nor in what manner nor against whom plaintiff in error elected to institute such proceedings in equity to open or vacate the judgment, nor that such proceedings were pending either when the writ of error was sued out, or when the plea was pleaded. The plea does not purport to set out the provisions of the decree, and only states the pleader's legal conclusion that plaintiff in error, in the cause mentioned in the plea, procured a decree ''vacating and setting aside the judgment'' and restoring said cause as a pending cause. What has been said as to the other pleas is applicable to the third plea.

Our statute in relation to injunctions to stay proceedings at law provides that, ''Every injunction, when granted, shall operate as a release of all errors in the proceedings at law that are prayed to be enjoined.'' By the express provisions of the statute it is the granting of the injunction, not the institution of proceedings to obtain such injunction, that operates to release errors. We think that the third plea is also insufficient. The demurrer to the replication to the third plea will be carried back to the plea and sustained as a demurrer to that plea.

The fourth plea, omitting the formal conclusion, is as follows: ''And for a further plea in this behalf the said defendant in error says, that the said plaintiff in error ought not to have or maintain his aforesaid writ of error in this behalf against him, the said defendant in error, because he says, that after the rendition of said judgment, and before the suing out of the writ of error, on, to-wit, the 3rd day of June, A. D. 1908, the said judgment was set aside by decree of the said Circuit Court of Cook County; and this the said defendant in error is ready to verify.'' This plea, for

the reasons heretofore stated, must be held bad and the demurrer thereto sustained.

Section 109 of the Practice Act of 1907 provides that a plea of release of errors, though adjudged bad, shall not deprive the defendant in error of the right to join in error. The demurrers to the first, second and fourth pleas will be sustained. The demurrer to the replication to the third plea will be carried back to that plea and sustained as a demurrer to the plea, and leave is given to the defendant in error to join in error if he shall be so advised, and in that event, to file his brief and argument by the first day of the next term. Demurrer sustained.

*Demurrer sustained.*